For the errors pointed out the judgment of the trial court is reversed and the cause is remanded.

---

### GAITHER et al. v. STATE (two cases).
### Nos. 25550, 25551.

Court of Criminal Appeals of Texas.

Dec. 12, 1951.

Tom Howard, Dallas, for appellant.

Henry Wade, Dist. Atty., J. J. Fagan, Asst. Dist. Atty., Dallas, George P. Blackburn, State's Atty., Austin, for the State.

MORRISON, Judge.

These are bond forfeiture proceedings which were consolidated.

The State has moved to dismiss these appeals under Rule 415 of the Texas Rules of Civil Procedure, because no brief was filed for appellant within the time required by Rule 414 thereof. Appellant has filed a reply to the State's motion, in which he explains his delay by saying that he thought the rule for filing briefs in bond forfeiture cases was the same as in criminal cases.

Article 864, Code of Criminal Procedure, provides for appeals in bond forfeiture cases.

Article 866, Code of Criminal Procedure, provides that in such cases the proceedings shall be regulated by the same rules that govern civil actions.

In compliance with the above rule and our holdings in Taylor v. State, Tex.Cr. App., 216 S.W.2d 206, the State's motion is granted, and the appeals are dismissed for want of prosecution.

---

### TURNER v. STATE.
### No. 25564.

Court of Criminal Appeals of Texas.

Dec. 12, 1951.

No attorney on appeal.

**210**

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Presiding Judge.

Appellant was convicted of the offense of permitting a gaming device, to-wit, a marble table, to be played in a house under his control, and assessed a penalty of a $25 fine.

The evidence adduced by the State is deemed sufficient to support the conviction. No complaints of the proceedings have been brought forward by bills of exception.

The judgment of the trial court is therefore affirmed.